## A. H. SHEPPARD v. STATE.

No. A-1237.   Opinion Filed September 5, 1912.

(126 Pac. 267.)

COMMERCE—Intoxicating Liquor—Transportation — Termination. An interstate shipment of liquor does not cease to be interstate commerce until it reaches the home or place of business of the consignee, and hence a person carrying the liquor from a railroad station to the home of the consignee, was not subject to prosecution for illegally conveying liquor within the state.

(Syllabus by the Court.)

*Appeal from Washita County Court;*
*L. R. Shean, Judge.*

A. H. Sheppard was convicted of illegally conveying intoxicating liquor, and he appeals. Reversed and remanded.

*Jones & Bashore,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

PER CURIAM. Appellant was convicted for illegally conveying intoxicating liquor. The evidence shows that the liquor in question was an interstate shipment from Kansas City, and was being conveyed from the depot at Bessie to the home of the consignee by appellant and one A. P. Gifford.

Under the repeated decisions of the Supreme Court of. the United States, such shipments of liquor are not subject to the laws of the state until they reach the home or the place of business of the consignee, and a person cannot be convicted for conveying such shipments of liquor from the depot to the home or place of business of the consignee. For a full discussion of this. question, see *Gastineau v. State,* 7 Okla. Cr. 512, 124 Pac. 464.

The judgment of the lower court is therefore reversed, and the cause remanded.