ROBERTSON v. STATE (S. L. & S. F. R. CO., Intervener).

No. 4235.   Opinion Filed May 25, 1915.

(149 Pac. 194.)

1. **COMMERCE—Interstate Shipment of Liquors—Operation of State Laws.** In order to have the state laws attach to an interstate shipment of liquor, it must affirmatively appear from the evidence that such shipment, or such part thereof as is sought to be confiscated, has been delivered by the carrier or its agent to the consignee, or his agent.

2. **COMMERCE—Interstate Shipment of Liquor—Seizure Under State Law.** Where it is admitted by the state, shown by the uncontradicted evidence, or found by the court from evidence reasonably tending to support such finding that intoxicating liquors seized were at the time of the seizure in possession of an interstate carrier, such liquors cannot legally be seized or confiscated so long as such shipment retains its interstate character.

3. **COMMERCE—Interstate Shipment of Liquors—Regulation by State.** The state has the undoubted right to regulate the intrastate shipment of intoxicating liquors, but cannot interfere with or regulate the interstate shipment of such liquors; and an interstate shipment of intoxicating liquors does not lose its interstate character until such shipment is delivered to the consignee or to his agent.

(Syllabus by Collier, C.)

*Error from County Court, Pawnee County;*

*Fred S. Liscum, Judge.*

Proceedings by the State, in which a search warrant was issued and executed by seizure of intoxicating liquors in the depot of the St. Louis & San Francisco Railroad Company, in which proceedings the Railroad Company and R. F. Robertson, doing business as the Old Rock Distilling Company, intervened. From an adverse judgment, the intervener last mentioned brings error. Reversed and remanded, with directions.

*Davidson & Williams,* for plaintiff in error.

COLLIER, C.   On February 10, 1912, upon the complaint of the county attorney of Pawnee county, a search warrant was issued and duly executed by the seizure of a quantity of whisky, beer, and other liquors in the depot of the St. Louis & San Francisco Railroad Company at Terlton.   On the 24th day of February, 1912, R. F. Robertson, doing business in the name of the Old Rock Distilling Company, intervened in said cause, claiming to be the owner of said liquors.

Plaintiff in error, hereinafter called the intervener, and the state, by and through the county attorney of said county, defendant in error, hereinafter called the state, entered into a stipulation that the facts of said cause are:

"That the intervener, under the name of the Old Rock Distilling Company, is engaged in the sale of beer, wine, whisky, and other intoxicants, and its home office and chief place of business is in Joplin, Mo.; that on the 6th day of February, 1912, at Joplin, Mo., said intervener sold to one W. A. Brown the whisky, gin, and other liquors seized under the search warrant issued in this case; that said liquors were to be delivered to said Brown at Terlton, Okla.; that said liquors were not paid for at the time they were purchased, but were to be paid for on delivery thereof to said Brown; that said liquors were transported from Joplin, Mo., by the St. Louis & San Francisco Railroad Company, a corporation engaged for hire in the transportation of interstate shipments of freight; that said railway company received said shipment at Joplin, Mo., from the intervener for the purpose of transporting same from that point to Terlton, Okla., and that the same was so transported to Terlton, Okla., and unloaded by the railroad company from the car in which it was transported, and placed in the depot of said company at said town; that while said liquor was thus stored, and before it was accepted, received, or delivered to, or receipted or paid for by said Brown, or any one for him, the sheriff of said county, on February 10, 1912, acting under a search warrant, seized said liquor in the depot of said railway company, at Terlton; that said liquor thus seized is the same that was shipped from Joplin, Mo., by the intervener to W. A. Brown, at Terlton, Okla., and the same liquor described in the complaint herein; that said Brown, nor any one else for him, has

ever called for or receipted for said liquor, or any part thereof, nor has any part of same been delivered to said Brown, to his agent, or to any one for him, by the railway company after its receipt by said company in Joplin, Mo.; that said liquor was in possession of said railway company at Terlton at the time it was seized; that said sheriff was holding said liquor upon the theory that said shipment was and is in violation of the prohibition laws of the state."

Other facts are set out in said stipulation which we deem unnecessary to recite. It was further stipulated that the search warrant under which said liquors were seized was regularly issued out of the county court of said county, and that said shipment, as shown by the agreed evidence in this case, was an interstate shipment. The railway company also was permitted by the court, against the objection of the state and the intervener, to intervene in this cause, but said railway company has not appealed from the judgment rendered against it.

To the rendition of said judgment, intervener duly excepted, and prayed a stay of execution, pending an appeal to this court, which was granted, conditioned that intervener, within 10 days, execute a good and sufficient bond in the sum of $500. Said bond was duly executed within the time provided, and the execution of said judgment stayed. From said judgment this appeal is prosecuted. Notwithstanding this appeal has been pending for years, and is extensively and ably briefed by plaintiff in error, we are surprised to find that no brief has been filed by the Attorney General.

It is admitted by the state in said stipulation as to the facts of the case that said shipment was an interstate shipment, and that said liquors, nor any part thereof, were ever delivered to or in possession of said Brown, the consignee. It therefore follows that the laws of this state did not attach to this case. *St. Louis & S. F. Ry. Co. v. State,* 26 Okla. 300, 109 Pac. 230.

The Supreme Court of the United States has also passed upon the question in the case of *Louisville & Nashville Ry. Co. v. F. W. Cook Brewing Co.*, 223 U. S. 70, 32 Sup. Ct. 189, 56 L. Ed. 355, in which case, the court, speaking through Mr. Justice Lurton, said:

"That, until such transportation is concluded by delivery to the consignee, such commodities do not become subject to state regulation restraining their sale or disposition."

The Wilson Act (Act Aug. 8 1890, c. 728, 26 Stat. 313 [U. S. Comp. St. 1913, sec. 8738]), which subjects such liquor to state regulation, although still in the original packages, does not apply before actual delivery to such consignee, where the shipment is interstate.

In the case of *Sheppard v. State*, 8 Okla. Cr. 54, 126 Pac. 267, it is held that:

"An interstate shipment of liquor does not cease to be interstate commerce until it reaches the home or place of business of the consignee. * * *"

As said railroad company has not appealed from the judgment rendered against it, and is, only in order to comply with the rules of the court, made a defendant in error in this appeal of said intervener, we express no opinion as to any question arising under the intervention of said railroad company.

As the liquors seized constituted an interstate shipment, and as neither the same, nor any part thereof, had been delivered to, or in possession of the consignee, Brown, the law of this state in regard to seizure of intoxicating liquors was not and is not effective and enforceable against such interstate shipments, where same have not been delivered to the consignee, or to his agent. Consequently, the court committed reversible error in adjudging that said intervener was not entitled to the relief prayed, and in ordering

that said liquors so seized be condemned and destroyed.  *Gastineau v. State,* 7 Okla. Cr. 512, 124 Pac. 464.

It follows, therefore, that this cause should be reversed and remanded, with instructions to dismiss said cause, and to deliver to said intervener, R. F. Robertson, doing business under the name of the Old Rock Distilling Company, the liquors seized.

By the Court: It is so ordered.