## BRANDON et al. v. STATE.

No. 7928—Opinion Filed Aug. 14, 1917.

(167 Pac. 212.)

### Commerce—Interstate Shipment of Liquors—Seizure and Confiscation.

An interstate shipment of intoxicating liquors unless such transportation is concluded by delivery of such liquor to the consignee, is not subject to seizure on the day of its arrival at the point to which shipped, and confiscation by the state.

(Syllabus by Collier, C.)

Error from County Court, Pawnee County; Geo. E. Merritt, Judge.

Search warrant and seizure proceeding by the State against R. L. Brandon and others, interpleaders and claimants. Judgment for the State, motion for new trial overruled, and claimants bring error. Reversed and remanded, with instructions.

Redmond S. Cole, for plaintiffs in error.

S. P. Freeling, Atty. Gen., and Hunter L. Johnson, Asst. Atty. Gen., for the State.

Opinion by COLLIER, C. The proceeding in this case was instituted by the issue of a search warrant and seizure thereunder of

certain liquors, consisting of 11 barrels of beer, consigned to the respective persons claiming to own said beer, who filed interpleaders in this case. The undisputed evidence is that the 11 barrels of beer were shipped by the Joplin Manufacturing Company, of Joplin, Mo., by Wells Fargo express, prepaid from Joplin, Mo., to Keystone, Okla.; that no shipment contained in excess of one barrel of beer, or more than one barrel of beer shipped to any one of said interpleaders; that same arrived in the original package, on the outside cover of which was plainly stamped the name of the consignor, the name of the consignee, and the character and quantity of liquor contained therein; that the liquor was seized on the day of its arrival at Keystone, without the knowledge or consent of the consignee; that the interpleaders are each residents of Pawnee county, Okla., residing in or near Keystone, Okla.; that they ordered said beer by writing the company a letter and inclosing in that letter a money order for the purchase price of said beer, and express charges from Joplin to Keystone, Okla., and prior to its delivery to any one of the interpleaders. On trial of the cause the court made a finding against the said interpleaders, plaintiffs in error, and in favor of the state, defendant in error, and ordered the sheriff to destroy the beer. Thereupon plaintiffs in error each filed his motion for a new trial, which was overruled and duly excepted to, and error brought to this court.

The material question involved in this cause is whether or not said beer was subject to seizure, which question is not an open one in this jurisdiction; this court having held:

"In order to have the state laws attach to an interstate shipment of liquor, it must affirmatively appear from the evidence that such shipment, or such part thereof as is sought to be confiscated, has been delivered by the carrier or its agent to the consignee or his agent. Where it is admitted by the state, shown by the uncontradicted evidence, or found by the court from evidence reasonably tending to support such finding, that intoxicating liquors seized were at the time of the seizure in the possession of an interstate carrier, such liquors cannot legally be seized or confiscated, so long as such shipment retains its interstate character." Robertson v. State, 46 Okla. 691, 149 Pac. 194, and the authorities there cited.

The state has filed in this case a confession of prejudicial error by the trial court in holding that said beer was at the time of its seizure subject to seizure; but error is not confessed as to other errors assigned in

the case. As the conclusion reached by us is fully decisive of the case upon its merits, we deem it unnecessary to review the other errors assigned, and express no opinion in regard to same.

This cause is reversed and remanded, with instructions to the trial court to vacate and set aside its order of confiscation of said beer and its order directing the same to be destroyed, quash the search warrant and the proceedings had thereunder, and award the plaintiffs in error their costs.

By the Court: It is so ordered.